UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DHILAN JESUS LUCENA CASTELLANOS,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No.  1:26-cv-04457-DAD-JDP (HC)

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On June 10, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* and a motion for temporary restraining order.  (Doc. Nos. 1, 2.)  On June 11, 2026, the court set a briefing schedule on the pending motion and directed respondent to indicate in respondent's opposition whether this case is distinguishable from the circumstances addressed in several of the court's cited prior orders.  (Doc. No. 5.)  In that same order, the court directed that if respondent opposed a court ruling on the underlying petition based on the current briefing before it, respondent was to indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

On June 13, 2026, respondent filed an opposition.  (Doc. No. 6.)  In that opposition, respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b) (*id.* at 2–3), an argument that the undersigned has rejected on several prior occasions.  *Wasef v. Chestnut*, No.

1

1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondent alternatively argues that, even if petitioner is detained pursuant to 8 U.S.C. § 1226(a), he is only entitled to a bond hearing because his re-detention was prompted by his arrest by local law enforcement.  (Doc. No. 6 at 4.)  Respondent stated no opposition to the court ruling on the pending petition based upon the briefing currently before it and the court will do so.

Based on the parties' briefing and evidence offered in support thereof, the court finds the following facts.  Petitioner is a citizen and national of Venezuela.  (Doc. No. 1 at ¶ 2.)  On or about July 7, 2022, petitioner entered the United States, was detained by immigration authorities, and released into this country.  (Doc. No. 6-1 at 2.)  On or about March 27, 2026, petitioner was transferred from local law enforcement custody to the custody of immigration authorities after being arrested for retail theft.  (*Id.*)  Those criminal charges have since been dropped.  (Doc. No. 6-2 at 5.)  Respondent has expressly conceded that mandatory detention pursuant to 8 U.S.C. § 1226(c) does not apply in this case.  (Doc. No. 6 at 4.)

Pursuant to the reasoning set forth in its prior order *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *2–5 (E.D. Cal. Nov. 21, 2025), the court concludes that petitioner acquired a liberty interest in his continued release and the government violated due process by re-detaining petitioner without a pre-deprivation hearing.  The court also finds respondent's argument that petitioner was not entitled to a pre-deprivation hearing because of his encounter with local law enforcement to be unpersuasive.  "Indeed, respondent does not argue that petitioner is a danger to the community or a flight risk.  Moreover, there is no indication that a pre-deprivation hearing was unnecessary because petitioner was already in local law enforcement custody when he was re-detained[.]"  *Hidalgo v. Warden, Cal. City Det. Facility*, No. 1:26-cv-03511-DC-JDP, 2026 WL 1506821 (E.D. Cal. May 29, 2026), *report and recommendation adopted sub nom. Hidalgo v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-03511-DC-JDP, 2026 WL 1707795 (E.D. Cal. June 12, 2026).

For the reasons stated above,

1.      Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

a.    Respondent is ORDERED to immediately release petitioner Dhilan Jesus Lucena Castellanos, A-File No. 240-879-739, from respondent's custody;

b.    Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondent will bear the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;

2.    Petitioner's motion for temporary restraining order (Doc. No. 2), is DENIED as having been rendered moot by this order granting his petition for writ of *habeas corpus*;

3.    The Clerk of the Court is directed to serve the California City Detention Facility with a copy of this order; and

4.    The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **June 16, 2026**                    _____

                                             DALE A. DROZD
                                             UNITED STATES DISTRICT JUDGE

3