UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DHILAN JESUS LUCENA CASTELLANOS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No.  1:26-cv-04457-DAD-JDP (HC)<br><br><br>ORDER DENYING RESPONDENT'S MOTION TO CLARIFY INJUNCTION<br><br>(Doc. No. 9) |

On June 17, 2026, the court issued an order that granted petitioner's petition for writ of *habeas corpus*, ordered respondent to immediately release petitioner from custody, and enjoined respondent "from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondent will bear the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence." (Doc. No. 7 at 3.)  On the same day, respondent filed a motion to clarify that injunction arguing that if hypothetically petitioner were to be ordered removed in the future the court's order "may conflict" with mandatory detention pursuant to 8 U.S.C. § 1231(a)(2). (Doc. No. 9 at 1.)  As the court has previously explained in other cases, respondent's request for clarification is premature because whether petitioner will be ordered removed is unknown and may not occur at all.  *Singh v. Chestnut*, No. 1:26-cv-01867-DAD-CSK, 2026 WL 1697065, at *1 (E.D. Cal. June 11, 2026)

1

("A court ordinarily ought not resolve issues involving contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation marks omitted).

For the reasons explained above, the court DENIES respondent's motion to clarify (Doc. No. 9).

IT IS SO ORDERED.

Dated:   **June 24, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE